CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
AUG 15 2007 C'ville
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WILLIAM D. DIMENT,<br><br>*Plaintiff,*<br><br>v.<br><br>PAUL F. CUSHING, REGIONAL MANAGER OF THE OFFICE FOR CIVIL RIGHTS, DEPARTMENT OF HEALTH AND HUMAN SERVICES<br><br>*Defendant* | CIVIL NO. 3:07cv00041<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit, filed August 7, 2007. I granted Plaintiff's Application To Proceed Without Prepayment of Fees pursuant to 28 U.S.C. § 1915, but, pursuant to 28 U.S.C. § 1915A, I am required to review plaintiff's complaint to determine whether it should be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C.A. § 1915A(b)(1) (West 2007). Plaintiff's complaint—which seeks redress under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") against an agent of the Secretary of Health and Human Services—fails to state a claim upon which relief may be granted because HIPAA does not provide a private party with a cause of action. Accordingly, I must dismiss Plaintiff's complaint.

## I. STANDARD OF REVIEW

The standard under § 1915A for failure to state a claim upon which relief can be granted is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a

claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original omitted) (citations omitted) (internal quotation marks omitted). Instead, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citation omitted) (footnote call number omitted). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"; plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Id.* at 1974. As the Fourth Circuit has held, a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *See Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006), *reh'g en banc denied*, 467 F.3d 378 (4th Cir. 2006), *cert. denied*, 127 S. Ct. 2036 (2007).

## II. DISCUSSION

Plaintiff's complaint reads, in pertinent part:

> "Paul F. Cushing has failed to fulfill his duties and not provided service in acquiring protected health information that has been denied to plaintiff ... as well as not enforcing H.I.P.P.A. laws. ... Cushing and his department has repeatedly failed to implement H.I.P.P.A. laws in regard to obtaining, plaintiffs, protected health information requested from PhD. Joseph C. Conley, Jr. of Sothern Psychological Diagnostic and Clinical Services .... I am seeking the reward of

> damages of 100,000.00 dollars from ... Cushing which is a similar amount that should have been levied against PhD Conley by ... Cushing's office for failure to follow H.I.P.P.A. Laws."

(Compl.)

It appears that Plaintiff is alleging that under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104–191, 110 Stat. 1936 (codified as amended in scattered sections of 29 U.S.C. and 42 U.S.C.), he was entitled to certain medical information of his from Conley but that Conley refused to disclose the information to Plaintiff. Under HIPAA, complaints such as Plaintiff's fall to the United States Department of Health and Human Services ("HHS") to enforce, but Plaintiff's complaint seems to allege that HHS failed to enforce his complaint. As such, he has sued an HHS official—pursuant to HIPAA—for $100,000 in damages.

HIPAA imposes civil and criminal penalties on a person who knowingly and illegally obtains or discloses "individually identifiable health information" from or to another person. HIPAA §§ 261–62, 42 U.S.C.A. §§ 1320d-5(a)(1) to d-6(a)(2), (3) (West 2007). Enforcement of these provisions, however, falls to the Secretary of Health and Human Services ("Secretary"). *See* HIPAA § 261, 42 U.S.C.A. § 1320d-5 (stating that "the Secretary shall impose on any person who violates a provision of this part a penalty"). As numerous courts have held, neither HIPAA § 261 nor § 262 provide a private party with a cause of action. *See, e.g., Acara v. Banks*, 470 F.3d 569, 570–72 (5th Cir. 2006); *Runkle v. Gonzales*, 391 F. Supp. 2d 210, 237 (D.D.C. 2005); *Dominic J v. Wyo. Valley W. High Sch.*, 362 F. Supp. 2d 560, 573 (M.D. Pa. 2005); *Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149, 155 (D.D.C. 2004); *Agee v. United States*, 72 Fed. Cl. 284, 289–90 (Fed. Cl. 2006).

Assuming here that Conley or his employer is a "covered entity" for HIPAA purposes and that Conley failed to disclose "protected health information" to Plaintiff, *see* 45 C.F.R. § 164.524 (2007) his recourse would be to file a written complaint with the Secretary (which Plaintiff may have already done), *see* 45 C.F.R. § 160.306(a), (b) (2007). By the explicit terms of the regulation, it is completely within the Secretary's discretion whether to investigate a complaint such as Plaintiff's. *See* 45 C.F.R. § 160.306(c) (2007) ("The Secretary *may* investigate complaints filed under this section." (emphasis added)); *see also Atkins v. Takoma Hosp.*, No. No. 2:07cv00067, 2007 WL 2122048, at *1 (E.D. Tenn. July 24, 2007); *Leher v. Bailey*, No. 4:03cv000953, 2006 WL 1307658, at *5 (E.D. Ark. May 10, 2006) (unpublished opinion). Nothing in HIPAA provides a party dissatisfied with the Secretary's inaction on a filed complaint to seek redress in court—either against the party who wrongfully withheld or disclosed the protected health information or against the Secretary (or one of his agents) for failure to investigate the aggrieved party's complaint.

## III. CONCLUSION

HIPAA does not provide a private citizen a cause of action. Accordingly, I will dismiss Plaintiff's Complaint in an order to follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all parties.

ENTERED: _____
United States District Judge

Date: August 15, 2007